LACKEY *v.* LACKEY.

Opinion delivered October 1, 1928.

*W. R. F. Paine,* for appellant.
*John E. Miller,* for appellee.

SMITH, J. Appellant, Sam L. Lackey, and appellee were married in March, 1924, and lived together as husband and wife until March, 1927, when they were separated, and appellee brought suit against appellant, her husband, for alimony. She alleged that her husband had failed to support her, had been unkind to her in many

ways, had cursed and abused her, and had refused her permission to visit her children by a former marriage when they were ill, or to provide transportation for that purpose.

In an amended complaint appellee alleged that her husband owned about four hundred acres of land, and had by fraud induced her to execute a deed conveying title to this land to appellant's children by a former marriage. These children were made parties, and it was prayed that this deed be canceled. She prayed also for a division of appellant's personal property.

Appellant and his children filed an answer, in which it was denied that the execution of the deed from appellant and appellee to appellant's children had been procured by fraud. Appellant prayed that the suit to cancel the deed and for alimony be dismissed. Appellant did not pray that a divorce be granted him, but he offered testimony tending to show that he was entitled to a divorce, and the testimony was taken as if that relief had been prayed.

The testimony is to the effect that friction arose between the two families, and appellant's children left their father's house, and some of appellee's children also departed, and most of the trouble between appellant and appellee arose over the children who remained in appellant's home.

The chancellor denied a decree of divorce to either party, although he made a permanent allowance to appellee of $10 per month. The deed which appellant and appellee had executed to appellant's children was canceled as having been executed in fraud of appellee's marital rights, except as to a forty-acre tract which had been conveyed by the children to an innocent purchaser.

From this decree both parties have appealed. Appellant insists that the testimony shows that he is entitled to a divorce, and that the testimony did not warrant the finding that the execution of the deed to his children had been procured by fraud. Appellee insists that she should have a substantial allowance as alimony, in the

assessment of which the value of all of appellant's property, both real and personal, should be taken into account, and that a decree should be granted her.

We do not set out the testimony relating to the marital infelicities of the parties. It clearly appears that neither has any affection for the other, but it does not appear that either has any statutory ground for divorce.

Appellee admitted executing the deed in question, but she testified that she did so because appellant had told her that the deed conveyed only two 80-acre tracts of land to appellant's eldest daughter, and that these two 80-acre tracts were not a part of the homestead. The deed was not to the eldest daughter, but was to all of appellant's children, and described all the land owned by appellant. We are not asked to cancel this deed except as to the two 80-acre tracts to the eldest daughter, but the prayer of appellee is that the deed be canceled in its entirety.

The testimony on the part of appellant is to the effect that appellee was fully advised as to the nature of the deed, which she admitted signing, and that no imposition was practiced upon her.

We concur in the action of the court below in canceling this deed. Appellee was deceived as to the land conveyed, but, as we have said, there is no contention on the part of appellant, or any of his children, that the deed is valid as a conveyance of two 80-acre tracts only, and it would not effectuate the intention of appellant to uphold the deed as a conveyance to a part of the land to one of his children only, as he does not contend that it was his intention to execute such a deed.

The representation that the deed conveyed only two 80s, when in fact it described all of appellant's land, was a fraud upon appellee's marital rights, and this fraud invalidates the deed.

The monthly allowance of $10 which the court ordered appellant to pay appellee is so modest and incon-

siderable that he can have no just ground to complain thereat.

Upon a consideration of the testimony in its entirety we discover no reason for disturbing the chancellor's finding, and the decree will therefore be affirmed, and it is so ordered.